## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, The Construction Industry Advancement Program of Western Pennsylvania Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions,<br><br>            Plaintiff,<br><br>    v.<br><br>POWELL CONSTRUCTORS INCORPORATED and VICTOR GREGORY POWELL,<br><br>            Defendants. | Civil Action No. |

## **COMPLAINT**

1.     Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Defendant Powell Constructors Incorporated has failed to pay wage deductions and fringe benefit contributions to Plaintiff in violation of a certain Collective Bargaining Agreement entered into with the Laborers' District Council of Western Pennsylvania and/or its affiliated local unions (hereinafter "**Union**").

2.     Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140.  Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council of Western

Pennsylvania Welfare and Pension Funds. Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. Plaintiff Union on its own behalf and on behalf of its local affiliated unions and The Construction Industry Advancement Program of Western Pennsylvania Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry Fund ("**Industry Fund**") and Dues Deduction Fund ("**Dues Fund**").

5. Defendant Powell Constructors Incorporated ("**Contractor**") is engaged in the business of operating a construction company, with its principal place of business at 698 Franklin Avenue, Aliquippa, Pennsylvania 15001.

6. Defendant Contractor is bound by a labor agreement ("**Agreement**") with the Laborers' Union pursuant to which Defendant Contractor was obligated to submit certain monthly payments to Plaintiff Funds for pension, welfare, industry and dues for the benefit of employees covered under such Agreement.

## COUNT I
**Laborers' Combined Funds of Western Pennsylvania, et al. Powell Constructors Incorporated**

**ERISA Collection Action**

7. Plaintiff Funds incorporate the foregoing allegations as if fully set forth herein.

8. In violation of such Agreement, Defendant Contractor has failed to make timely payments of principal contributions and wage deductions to Plaintiff Funds through January 2019,

TADMS:5101224-1 000004-010359

which has resulted in an estimated principal deficiency of $54,241.36. In addition, interest through March 31, 2019 of $3,097.08, and late charges/liquidated damages of $4,752.39 are due to Plaintiff Funds, for a total deficiency of $62,090.83. Interest will continue to accrue after March 31, 2019 at the rate of $22.29 per day.

9. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that each such monthly report will total at least $8,000.00. If it is determined that employer owes additional principal amounts to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1¼%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed. In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

10. Plaintiff Funds have demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

11. Pursuant to the Agreement and trust agreements of the Funds, Defendant Contractor is also obligated to pay the Funds' reasonable attorneys' fees of twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00). Such fees and expenses total $12,418.17 through March 31, 2019. Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to Plaintiff Funds until the termination of this case. In the alternative, the amount of such fees may be determined by the Court.

12. Defendant Contractor's failure to pay such delinquencies has caused such trust funds to suffer loss of investment income, to incur additional administrative expenses, and has resulted in less monies being available to provide pension, medical, and other fringe benefits to covered workers and their families.

13. Plaintiff Funds are without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the federal statutes and Agreement and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff Laborers' Combined Funds of Western Pennsylvania demands the following relief against said Defendant Contractor:

a. A preliminary and/or permanent injunction enjoining Defendant Contractor from violating the terms of such Agreements and directing Defendant Contractor to make immediate payment of all monies past due and timely payments of all monies to become due to Plaintiff pursuant to such Agreements, and enjoining Defendant Contractor from disposing of assets; and

b. For Defendant Contractor to be required to file complete and accurate remittance reports with Plaintiff covering all aspects of such Defendant's business operations through the present; and

c. For Defendant Contractor to present for audit, inspection and/or copying all payroll, unemployment compensation, tax and other records pertaining to hours worked by such Defendant Contractor's covered employees through the present to enable Plaintiff to verify the accuracy of the amounts paid and/or due and owing by Defendant to the Plaintiff; and

d. For a money judgment in favor of Plaintiff and against Defendant Contractor in the sum of $74,509.00, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus additional interest at the rate of one and one-quarter percent (1¼%) per month; plus late charges/liquidated damages of ten percent

      (10%); attorneys' fees of twenty percent (20%) of total amount due; plus costs of suit; and

e.    For the Court to retain jurisdiction of the case pending compliance with its orders; and

f.    For such other and further relief as the Court may deem just.

## COUNT II
## Laborers' Combined Funds of Western Pennsylvania, et al. v. Victor Gregory Powell
## ERISA Breach of Fiduciary Duty Action

14.    Plaintiff Funds incorporate the foregoing allegations as if fully set forth herein.

15.    At all times material hereto, Victor Gregory Powell ("**Powell**") served as the President, Secretary and Treasurer of Defendant Contractor at the address listed in Paragraph 6.

16.    At all times material, Powell was responsible for overseeing the collection of all monies payable to Defendant Contractor resulting from the work performed by laborers employed under such Agreement.

17.    At all times material, Powell was also responsible for overseeing the submittal of monthly remittance reports and fringe benefit contributions to the Plaintiff Funds.

18.    At all times material, Powell also had check signing authority and the right to make decisions as to what obligations and/or payments of Contractor were to be paid and which ones were not to be paid.

19.    At the time such fringe benefit contributions became due and payable by Contractor to the Funds, such monies became assets of the Plaintiff Funds.

20.    At all times material, Powell was aware of the obligations of Defendant Contractor to timely pay fringe benefits to the Plaintiff Funds.

21. At all times material, Powell was aware that Defendant Contractor failed to timely pay all required fringe benefits to the Funds.

22. Nevertheless, Powell prioritized payment of corporate expenses that personally benefitted him over payment to the Funds.

23. Based upon the foregoing, Powell constitutes a "fiduciary" under ERISA.

24. Based upon the foregoing, Powell violated his duty of loyalty to the beneficiaries of the Funds.

25. Based upon the foregoing, Powell also breached his fiduciary duties to the Funds by failing to cause Contractor pay to the Plaintiff Funds such contributions once they became due and payable, and is therefore personally liable for all fringe benefits and associated interest, liquidated damages/late charges, attorneys' fees and legal costs owed by Contractor to Plaintiff Funds.

26. The estimated principal contributions owed to the Funds through January 2019 total $48,274.81. In addition, interest through March 31, 2019 of $2,756.40 and liquidated damages/late charges of $4,229.63 are due to Plaintiff Funds for a total deficiency of $55,260.84. Interest will continue to accrue after March 31, 2019 at the rate of $19.84 per day.

27. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case. Plaintiff Funds estimate that monthly principal contributions will total at least $7,120.00. If it is determined that employer owes additional principal contributions to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1¼%) per month and late charges/liquidated damages at ten percent (10%) times such amounts owed. In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

28. Plaintiff Funds have demanded from Powell payment of all such amounts due, but such Powell has neglected and continue to neglect to pay such amounts.

TADMS:5101224-1 000004-010359

29. Pursuant to ERISA, Defendant Contractor and Powell are also obligated to pay the Funds' reasonable attorneys' fees of twenty percent (20%) of the total delinquency or $1,000.00 whichever is greater. Such fees and expenses total $11,052.17 through March 31, 2019. Plaintiff Funds also claim attorneys' fees of twenty percent (20%) on any additional amounts shown to be due to Plaintiff Funds until termination of this case. In the alternative, the amount of such fees may be determined by the Court.

WHEREFORE, Plaintiff Funds demand that judgment be entered against Victor Gregory Powell in the amount of $66,313.01, plus interest from March 31, 2019, at a per diem rate of $19.84, plus legal costs, plus additional charges and fees.

## COUNT III
### Laborers' Combined Funds of Western Pennsylvania, et al. v. Victor Gregory Powell

### State Common Law Conversion Action

30. Plaintiff Funds incorporate the foregoing allegations as if fully set forth herein. The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

31. Pursuant to such Agreement, Powell caused Powell Constructors Incorporated to withhold monies from its employees' wages for union dues and legislative funds that were required to be remitted to the Plaintiff Funds.

32. In violation of the Agreement, Powell Constructors Incorporated failed to remit such wage deductions to the Plaintiff Funds.

33. At all times relevant to this action, Powell had the authority and the responsibility to remit such employee wage withholdings to the Plaintiff Funds.

TADMS:5101224-1 000004-010359

34. Powell exercised dominion and control over the estimated employee wage withholdings of $5,966.55, and authorized and/or permitted such monies to be used to pay other purported creditors of Powell Constructors Incorporated

35. Based upon the foregoing, Powell intentionally converted such monies that were rightfully due and payable to the Plaintiff Funds.

36. Plaintiff Funds are also entitled to receive from Powell interest on such late payments ($340.68 through March 31, 2019), plus additional interest from March 31, 2019 of $2.45 per day.

37. Plaintiff Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff Funds or remittance reports submitted by Defendant Contractor to the Plaintiff Funds until the termination of this case.  Plaintiff Funds estimate that monthly principal deductions will total at least $880.00.  If it is determined that employer owes additional principal deductions to the Funds, interest will be assessed on such principal amounts at one and one-quarter percent (1¼%) per month.  In the alternative, Plaintiff Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

- 8 -

TADMS:5101224-1 000004-010359

WHEREFORE, Plaintiff Funds demand entry of a judgment in its favor and against Victor Gregory Powell in the amount of $6,307.23 plus additional interest from March 31, 2019 and costs of suit.

**JURY TRIAL DEMANDED**               TUCKER ARENSBERG, P.C.

*/s/ Neil J. Gregorio*
Jeffrey J. Leech
PA I.D. No. 19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA I.D. No. 90859
ngregorio@tuckerlaw.com
Ian M. Grecco, Esquire
PA I.D. No. 324372
igrecco@tuckerlaw.com

1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff